**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2369**

CALVERT LLEWELLYN JEREMY; JOLITA MERVINA JEREMY,

Plaintiffs - Appellants,

v.

JP MORGAN CHASE BANK, N.A.,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:15-cv-01632-TDC; 13-29597; 14-00310)

Submitted: February 23, 2017          Decided: March 9, 2017

Before TRAXLER and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John Douglas Burns, THE BURNS LAW FIRM, LLC, Greenbelt, Maryland, for Appellants. H. Jason Gold, Valerie P. Morrison, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Washinton, D.C.; Joseph M. Lischwe, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvert Llewellyn Jeremy and Jolita Mervina Jeremy (the Appellants) filed a Chapter 13 petition in November 2013. They filed the underlying adversary proceeding seeking a declaration that would allow them to bifurcate the mortgage on their primary residence into a secured claim up to the appraised value and an unsecured claim on the remaining balance (i.e., a "cram-down"). The Appellants argued that, because their deed of trust provides for supplemental collateral in the form of escrow funds, insurance proceeds, and rent, these interests are not "real property" within the meaning of 11 U.S.C. § 1322(b)(2) (2012). The bankruptcy court disagreed and granted JP Morgan Chase Bank's motion to dismiss. The district court certified the appeal to this court.

In light of our decision in Birmingham v. PNC Bank, N.A., 846 F.3d 88 (4th Cir. 2017), we affirm the bankruptcy court's order dismissing the complaint. In Birmingham, we held that the "reference in the Deed of Trust to escrow funds, insurance proceeds, or miscellaneous proceeds . . . constitute[s] incidental property," and not additional collateral, within the meaning of § 1322(b)(2). Based on our reasoning in Birmingham, we affirm the bankruptcy court's order dismissing the Appellants' complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the

2

materials before this court and argument would not aid the decisional process.

AFFIRMED
